E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur in Judge Barksdale’s opinion. I write separately only to set out in one place the principles of Mississippi products liability law that control this case today: First, I would emphasize that a manufacturer’s duty to exercise due care in designing a product that is reasonably safe should not be confused with a manufacturer’s strict liability for a defective product that is unreasonably dangerous. A manufacturer who has not negligently designed a product may nonetheless, in given cases, be held strictly liable for producing a defective product that is unreasonably dangerous. Thus, the distinction between the two standards may be critical.
In order to recover on a negligent design claim, the burden is on the plaintiff to prove that the defendant manufacturer failed to exercise due care in designing the ■ product. The manufacturer may then raise, in the nature of an affirmative defense, that the claimed defect was open and obvious. If the manufacturer demonstrates, as a matter of law, that the defect in the product would be open and obvious to a casual observer, the plaintiff will be barred from recovery under his negligence claims, because “no duty rests upon a manufacturer or seller to warn a purchaser of a dangerous design that is obvious.” Har-rist v. Spencer-Harris Tool Co., 244 Miss. 84, 140 So.2d 558, 562 (1962). Moreover, one factor that is often considered when determining whether a manufacturer breached its duty to design a reasonably safe product is “the conformity of [its] design to the practices of other manufacturers in its industry at the time of manufacture.” Ward v. Hobart Manufacturing Co., 450 F.2d 1176, 1182 (5th Cir.1971). This factor is often determinative because in most cases it serves as a reliable indicia of the standard'of care that a reasonably prudent manufacturer would exercise.
In order to recover on a strict products liability claim based on a design defect, the plaintiff need only prove that the manufacturer produced a defective product that is unreasonably dangerous to the ordinary consumer, and that the product was defective when it left the control of the manufacturer. Traditional negligence notions of fault and care are not relevant in making this determination; the primary focus of the inquiry is on the character of the product, not on the conduct of the manufacturer. A manufacturer may be strictly liable even if it has exercised all possible care in making the product, if that product is dangerous to an extent beyond that which would be contemplated by an ordinary consumer with the ordinary knowledge common to the community of the product’s characteristics. See Restatement (Second) of Torts, § 402A, comment i. It follows that a product with an open and obvious defect is not “dangerous to an extent beyond that which would be contemplated by an ordinary consumer,” and thus cannot be unreasonably dangerous. In strict products liability claims, then, the open and obvious nature of the defect is necessarily tied to the definition of an unreasonably dangerous product. Under the consumer expectation test, a plaintiff can never prove that an alleged defect renders a product unreasonably dangerous if that defect is open and obvious to the ordinary consumer or user.
We thus make clear that, concerning strict products liability claims, Mississippi follows the consumer expectations test, that this test is an objective one, that whether the product is unreasonably dangerous is judged from the point of view of the ordinary consumer or user, and that if the alleged defect or danger is open and *1398 obvious to an ordinary consumer or user, the product is not unreasonably dangerous as a matter of law. Thus, although a bystander can recover against a manufacturer, he stands in the shoes of the ordinary consumer, because the test’s primary focus is on the characteristics of the product and not the individual status and viewpoint of the individual plaintiff. With respect to negligent design claims,, a traditional negligence analysis is employed, with its focus on whether the product has been designed with due care by the defendant manufacturer. The open and obvious nature of the alleged defect can be raised, and if proved as a matter of law, the defense will operate to bar the plaintiff’s recovery; material factual disputes with respect to the open and obvious defense, both with respect to strict liability claims and negligent claims, are to be resolved by the jury.
Thus, applying these principles to the case before us, we have concluded that Batts’ strict products liability claims fail because the evidence fully supports that the. alleged defects in the forklift were open and obvious to an ordinary consumer or user and thus the forklift was not an unreasonably dangerous product. With respect to Batts’ negligence claims, we have concluded that, under Mississippi law, Batts’ claim is barred because the evidence supports the finding that the alleged defects in the forklift were open and obvious to a casual observer.[1]

. The dissent states that "denying Batts recovery under strict liability because the danger of the forklift is open and obvious to an ordinary consumer, shifts the liability costs from the manufacturer, in this case, Caterpillar, to Batts.” In our view, this statement is inaccurate. To the extent that the holding of the majority opinion "shifts” liability, it does so to the purchaser, user, employer, and/or operator, for their negligence in the use and operation of a product that is not unreasonably dangerous. It does not shift the liability to Batts himself.' . Indeed, Batts' employer has already accepted statutorily imposed liability and has remitted payment to Batts under Mississippi’s workers’ compensation program. The removal of one "deep pocket” defendant is just not tantamount to the shifting of liability to the tort victim himself.
The dissent argues that "this court’s willingness here to extend user injury analysis to a bystander case, in my opinion, is not .what the Supreme Court of Mississippi would do, were it ruling on this issue." The dissent ignores the principle that we are not permitted to guess what the Mississippi Supreme Court might do when the present law is perfectly clear. Mississippi has expressly stated on numerous occasions that it follows the Restatement and that it follows the consumer expectation test. This test evaluates the product’s defect from the. point of view of the ordinary consumer. The rule explicitly states that if the product meets consumer expectations, it is not defective. In other words, consumer expectations define what is' and what is not an unreasonably dangerous product. The Mississippi rule — at present clearly enunciated — leaves no room for a "bystander expectation” test to define an unreasonably dangerous product. Thus, to address the dissent's suggestion that we are only engaging in an “analytically convenient argument”: The reason the consumer expectation test applies to bystanders is because the test specifically and expressly defines a manufacturer's liability for injury alleged to have been caused by its products. Moreover, as we have said in the body of the opinion, the test of whether a product is unreasonably dangerous places the primary focus on the characteristics of the product and not the individual status and personal viewpoint of the particular plaintiff.
With respect to the negligent design claim, the dissent states:
However, if he is viewed as a “bystander,” then I agree with Batts that the open and obvious test requires two significant modifications. First, the person to whom the danger must objectively be open and obvious is Batts, not the user of the forklift. Second, the defense is not an absolute bar, but, like in ordinary negligence actions, is subject to comparative negligence.
We think this quote misstates the applicable law. The test employed for negligent design claims is whether the alleged defect or danger is open and obvious to a casual observer — a category that surely applies to Batts. The consumer expectation test is not applicable to negligent design claims. Thus, the first "modification" is no modification of Mississippi law; it is simply a restatement of current Mississippi law on negligent design. With regard to the second "modification," we have no authority to make this type of change in the law; the Mississippi Supreme Court has said that the defense is an absolute bar, and thus we are bound to follow its dictate. Of course, the Mississippi Supreme Court can change this rule if it wishes, and, indeed, it might; the point is that it has not and its present law is clear.
Similarly, the dissent argues that ”[t]he crucial distinction between these cases and the instant case is that a bystander is generally not aware of the dangers that are, or should be, open and obvious to an owner, consumer or user.” As stated above, the test used in negligent design claims is whether the defect is open and obvious to a casual observer; Batts, as a *1399 "bystander," and as a casual observer who worked in the plant where the forklift was used, would clearly fall within this category of persons to whom the defect of the forklift would have been open and obvious.